900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Roger NISELY, Defendant-Appellant.
 No. 89-5601.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 20, 1989.
Decided: March 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (88-51-01-CR-4)
 William E. Martin, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Linda Kaye Teal, Assistant United States Attorney, Raleigh, N.C.; Sidney Glazer, Chief, Appellate Section, United States Department of Justice, Washington, D.C., for appellee.
 E.D.N.C.
 DISMISSED.
 Before WIDENER, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Roger Nisely appeals from the sentence imposed, under the Federal Sentencing Guidelines, upon his pleas of guilty to one count of kidnapping, 18 U.S.C. Sec. 1201, and one count of use of a firearm during and in relation to a crime of violence, 18 U.S.C. Sec. 924(c)(1). Nisely was sentenced to 174 months imprisonment to be followed by a five-year term of supervised release. He was also fined $2,500 and ordered to pay a $100 special assessment and $115 in restitution.
 
 
 2
 The only contention Nisely raises on appeal is that the district court abused its discretion under U.S.S.G. Sec. 5H1.3 by not departing downward from the guideline sentence range on the basis of his mental condition at the time he committed these crimes. As we recently decided in United States v. Bayerle, --- F.2d ---- (4th Cir. Mar. 9, 1990) (No. 89-5166), however, 18 U.S.C. Sec. 3742 does not provide a defendant appellate review of a district court's refusal to depart downward from a guideline range. The only recognized exception to this prohibition is if the district court's refusal to depart is the result of the "court's mistaken view that it lacked the authority to depart." Id. at 7. Appellant does not contend that the lower court held such a mistaken view. Consequently, the district court's discretionary decision not to depart downward is not subject to our review. Accordingly, this appeal is dismissed.
 
 DISMISSED